Catron, Ch. J.
delivered the opinion of the court.
The judgment could alone be granted on the bond; nothing else was there to charge even the principle upon.
The bond was authorized by the act of assembly of 1817, and the proceedings on it being by motion, the statute must be in substance pursued.
The bond is to be with a condition that the same shall be void if said party prosecute his certiorari with effect, or in case he fail, that he will perform whatever judgment shall be awarded, and rendered by said court in said cause. That is, the parlies to the bond covenant to pay the judgment, if one be had on the trial of the merits, against the party bringing up the proceedings. To this extent the bond is good in the present cause. But then the act provides that another condition shall be inserted in the bond, viz. in case said certiorari shall be dismissed by the court for informality, or for want of sufficient substance, that said person so obtaining the same, shall well and truly satisfy such judgment as the court below, or the justice shall have given against him.
*438 This condition is not in the bond, and to enforce payment of the judgment had before the justice, without a trial of the cause in the circuit court, it was indispensable. Truly the bond in this instance provides that Newton shall prosecute his suit with effect, and in case he fail therein, then he and the securities are to fulfil the judgment of the circuit court against the principal. The covenant does not extend to a performance of a judgment on the bond itself, but to a judgment rendered in the suit brought up by the writ of certiorari, and until the cause is in court, and a proceeding had on it, a bond with a condition like the present cannot be forfeited, because the judgment must be awarded and rendered “in said cause.” Here the cause never got into court, and no judgment was or could be given in it, and therefore the judgment will be affirmed.
Judgment affirmed.